UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO.  7:11-132-KKC

DELMA AMBURGEY, *Individually,*
as Administratrix of the Estate of Jerry Michael Amburgey,
and as Next Friend of J.A., a minor                                                                PLAINTIFF


v.                                       **MEMORANDUM OPINION AND ORDER**


UNITED STATES OF AMERICA,

MOUNTAIN COMPREHENSIVE HEALTH CORPORATION
d/b/a WHITESBURG MEDICAL CLINIC, *and*

MAHMOOD ALAM, M.D.                                                                                 DEFENDANTS

\* \* \* \* \* \* \* \* \*

**INTRODUCTION**

This is a civil action arising from the death of Jerry Amburgey, a patient of Mountain Comprehensive Health Corporation and Dr. Mahmood Alam, M.D.  Alleging negligent medical care, the Plaintiff, Delma Amburgey, sued Mountain Comprehensive, Dr. Alam, and the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1).  The matter is presently before the Court on the motion of the Defendant, United States of America, to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction over the Plaintiff's claims.  The Plaintiff concedes that her claims against Mountain Comprehensive and Dr. Alam are improper, as are her claims based on breach of fiduciary duty and breach of contract.  As to Plaintiff's remaining tort claims, the United States argues that they are barred by the statute of limitations because Plaintiff failed to file an administrative claim within two years of when the

1

injury accrued.  The Defendant further argues that the Plaintiff's loss of consortium claims, even if not untimely, also must be dismissed because the Plaintiff failed to present them properly in her administrative claim.

For the reasons stated below, the Court GRANTS the Defendant's Motion.

**I. FACTUAL BACKGROUND**

On January 21, 2009, Jerry Amburgey visited Dr. Mahmood Alam for a CT scan at Mountain Comprehensive's Whitesburg, Kentucky Clinic. (DE 8, Redacted First Amended Complaint at ¶ 11).  During procedure, Amburgey became ill and was taken to the emergency room at the Whitesburg Appalachian Regional Hospital where he died.  (*Id*.).  In the hospital emergency room, Dr. Alam informed the Plaintiff and others that no autopsy would be necessary because Amburgey had died of natural causes, specifically a blood clot associated with lung cancer.  (DE 8, ¶ 12; *see also* DE 11-3, Plaintiff's Declarations Submitted with Administrative Claim).  Later that same day, however, Letcher County Coroner Wallace Bolling told the plaintiff that emergency medical personnel had provided information that conflicted with Dr. Alam's statements as to the cause of Amburgey's death .  (DE 11-3, Declaration of Wallace Bolling, ¶ 3).  Because of the conflicting information, Bolling ordered an autopsy.  (DE 8, ¶ 13).  In April, 2009, Amburgey's autopsy report was released.  It revealed that Jerry Amburgey died from an allergic reaction to intravenous contrast dye.  (*Id*.)

In December, 2008, just a month before the incident leading to his death, Amburgey had suffered another emergency situation at the Pikeville Medical Center.   That emergency was caused by Amburgey's allergic reaction to intravenous contrast dye. As a result, Amburgey's medical records had been flagged concerning the allergy and forwarded to Mountain Comprehensive prior to  Amburgey's treatment at Mountain Comprehensive.

Plaintiff alleges that on or about January 20, 2011, she mailed the documents required to initiate the administrative claim process seeking recovery for wrongful death and personal injury. The federal agency received her claim on January 31, 2011 and denied it as untimely. (DE 8, ¶ 10). This action followed.

## I. STANDARD OF REVIEW

When subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Jurisdictional challenges under Rule 12(b)(1) come in two forms: those that attack the complaint on its face and those that attack the existence of subject matter jurisdiction in fact. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F. 3d 1125, 1134-35 (6th Cir. 1996) (citations omitted). Facial challenges concern the allegations in the complaint, which the court must accept as true. *Id*. at 1134. Factual challenges rely on matters outside of the pleadings, but unlike in the context of Rule 12(b)(6) motions, "the court is empowered to resolve factual disputes." *Id*. at 1135 (quoting *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)). Therefore, "[w]here the defendant brings a factual attack on subject matter jurisdiction, no presumption of truth applies to the allegations contained in the pleadings, and the court may consider documentary evidence in conducting its review." *Ogle v. Church of God*, 153 Fed. App'x 371, 375 (6th Cir. 2005) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). Finally, whenever a court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

## II. ANALYSIS

### A. Tort Claims

This Court does not have subject matter jurisdiction over Plaintiff's tort claims, which are time barred under the FTCA because Plaintiff failed to file an administrative claim within two years of the date of Jerry Amburgey's death. *Blakely v. United States*, 276 F.3d 853, 865 (6th Cir. 2002).

The FTCA provides a limited waiver of the United States' sovereign immunity for negligent injuries caused by federal employees. Courts must carefully observe, without expanding, the limits of the FTCA's waiver. *United States v. Kubrick*, 444 U.S. 111, 117-118 (1979). Among the FTCA's basic requirements is the timely filing of an administrative claim. Title 28 U.S.C. § 2401(b) provides, in relevant part, that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." Under the FTCA's implementing regulations, a claim "shall be deemed to have been presented when a Federal agency receives from a claimant … an executed Standard Form 95 or other written notification of an incident[.]" 28 C.F.R. § 14.2 (2012). In this case, the U.S. Department of Health and Human Services received the Plaintiff's Standard Form 95 (DE 11-2) on January 31, 2011. (DE 8, ¶ 10). Although Plaintiff's counsel notes that the form was shipped on January 20, 2011, it wasn't received by the agency until January 31, 2011, one of the relevant dates under the FTCA. In considering whether Plaintiff's claim was timely filed, this Court must determine whether Plaintiff's claim accrued on January, 21, 2009, when Amburgey was treated at Mountain Comprehensive or on April 7, 2009, when the autopsy report was released.

Under 28 U.S.C. § 2401(b), the "general rule" is that "a tort claim accrues at the time of the plaintiff's injury[.]" *Kubrick*, 444 U.S. at 120; *see also Hertz v. United States*, 560 F.3d 616, 618 (6th Cir. 2009); *Hicks v. Himes, Inc.*, 826 F.2d 1543, 1544 (6th Cir. 1987). *Kubrick* remains

4

the leading precedent on this FTCA timing issue and provides guidance in the context of medical malpractice claims. In that case, Kubrick suffered hearing loss, which allegedly resulted from negligent medical treatment at a Veterans Administration hospital. *Kubrick*, 444 U.S. at 114. Kubrick lost his hearing 1968. In January 1969, he learned that the injury may have been caused by an antibiotic he received at the Veterans Administration hospital. Later, in June 1971, he learned the antibiotic "should not have been administered" to him. *Id*. Considering this timeline, the Supreme Court concluded that Kubrick's claim accrued in January 1969, because "'accrual' of a claim" does not "await awareness that his injury was negligently inflicted." *Id*. at 123. Rather, the claim has accrued when a "plaintiff, armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community." *Id*. The Sixth Circuit has explained the standard under *Kubrick* is an "inquiry-notice rule" with respect to the accrual of FTCA claims. *Hertz*, 560 F.3d at 618. "Specifically, a claim accrues when a plaintiff possesses enough information with respect to her injury that, had she sought out independent legal and expert advice at that point, she should have been able to determine in the two-year period whether to file a claim." *Id*. *See also Chomic v. United States*, 377 F.3d 607, 610 (6th Cir. 2004).

Plaintiff cites *Kubrick* in support of her claim that she lacked sufficient knowledge to file an FTCA claim until the autopsy report was filed on April 7, 2009. Plaintiff overstates, however, the level of knowledge that is required. Under *Kubrick*, however, a plaintiff need not know the specific medical source of an injury before an FTCA medical negligence claim accrues. Instead, a claim accrues when a plaintiff is aware that treatment, in general, caused the injury. *Kerstetter v. United States*, 57 F.3d 362, 365 (4th Cir. 1995). In other words, "[o]nce the plaintiff discovers that her injury is probably attributable to some act of those who treated her,

5

there is no longer any reason to toll the statute of limitations." *Price v. United States*, 775 F.2d 1491, 1493 (11th Cir. 1985). The claim accrues once the plaintiff is on notice of an injury and its connection to medical treatment, and "not at a later time when he also knows that the acts inflicting the injury may also constitute negligence or medical malpractice." *Chomic*, 377 F.3d at 610 (citing *Kubrick*, 444 U.S. at 123).

In *Hertz,* 560 F.3d at 619, the Sixth Circuit explained that determining when a plaintiff acquires sufficient information to file a claim is "necessarily fact intensive." Here, however, assuming the facts as stated in the Complaint, Plaintiff possessed sufficient information on the date of Jerry Amburgey's death to be on notice of a claim. *See, e.g., Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003). On January 21, 2009, Plaintiff knew that Jerry Amburgey went to Mountain Comprehensive for a standard CT scan, but was taken from there to a nearby emergency room where he died. She knew that one month earlier, Amburgey had survived an emergency situation following a similar test procedure. More importantly, on the date of death, Plaintiff knew that conflicting information regarding the cause of Amburgey's death led the coroner to order an autopsy. Plaintiff's factual allegations establish that on January 21, 2009, she had sufficient notice of both the injury (death) and its possible cause (medical treatment). At this point, a reasonable person could and would recognize the causal link between treatment and injury or recognize the need to seek professional advice in pursuit of possible legal action. *Dawkins v. United States*, 208 F.3d 213 (table), 2000 WL 302851 (6th Cir. 2000); *see also MacMillan v. United States*, 46 F.3d 377, 381 (5th Cir. 1995). Plaintiff's cause of action accrued on January 21, 2009 and is, therefore, untimely filed.

Alternatively, the Plaintiff argues that fraudulent concealment by Dr. Alam tolls the statute of limitations in her favor. To prevail on a claim of fraudulent concealment, ". . . a

plaintiff must prove that the defendant's attempts to mislead the plaintiff actually succeeded." *Hill v. U.S. Dept. of Labor*, 65 F.3d 1331, 1338 (6th Cir. 1995). On the day Jerry Amburgey died, the plaintiff knew that her husband had suffered an emergency while undergoing a similar scan. Moreover, the county coroner told Plaintiff that emergency workers had provided information that contradicted Dr. Alam's explanation as to the cause of death. At this point, on January 21, 2009, the Plaintiff knew that the facts of her husband's death in a medical facility were questionable. Moreover, the plaintiff does not point to any kind of fraudulent conduct that concealed from her facts respecting the accrual or merits of her claim or that prevented her from discovering her cause of action within the limitations period. *Wireman v. Fletcher*, Civ. No. 3:06-13-JMH, 2006 WL 3780548 (E.D. Ky. Dec. 20, 2006) *aff'd,* 250 F. App'x 661 (6th Cir. 2007). Therefore, Plaintiff's claim of fraudulent concealment does not toll the applicable statute of limitations.

**B. Loss of Consortium and Breach of Fiduciary Duty Claims**

Even if the Plaintiff's original administrative claim were timely, other flaws bar her loss of consortium and breach of fiduciary duty claims. Although Plaintiff concedes that she cannot proceed on her breach of fiduciary claim, she asserts her loss of consortium claims before this Court. Because the Plaintiff did not properly present her loss of consortium claims at the administrative level, she cannot raise them now.

Before proceeding in federal court, claimants must first present an FTCA claim to the appropriate federal agency. 28 U.S.C. § 2675(a). A claimant fulfills this requirement (1) by giving "written notice of the claim sufficient to enable the agency to investigate the claim," and (2) by placing "a value (or 'sum certain') on the claim." *Glarner v. United States, Dep't of Veterans Admin.*, 30 F.3d 697, 700 (citations omitted). Courts do not have subject matter

7

jurisdiction unless plaintiffs satisfy this requirement.  *Rucker v. U.S. Dept. of Labor*, 798 F.2d 891, 893-94 (6th Cir. 1986).

In this case, the Plaintiff submitted her administrative claim via Standard Form 95.  (DE 11-2).  On this form, the Plaintiff alleged facts relating to Jerry Amburgey's death and then listed the amounts claimed for personal injury and wrongful death, but she did not include claims for loss of consortium.  (*Id.*)  Furthermore, the Plaintiff did not include any reference to the decedent's child.  The Plaintiff acknowledges that she did not address the loss of consortium claims, or the breach of fiduciary claim, for that matter, on Standard Form 95.  The Plaintiff argues the loss of consortium claims are viable, however, because she identified herself as the claimant's wife and because the form does not specifically provide space for these claims.[1]  Additionally, the Plaintiff points out that she amended her claim on November 28, 2011 to include her parental and spousal consortium claims and argues that the amendments relate back to the date of her original claim.

The Sixth Circuit has held that identifying a spouse on the claim form, without more, does not satisfy the FTCA's requirement for filing an administrative claim for loss of consortium because it does not provide adequate notice of such a claim.  *Rucker*, 798 F.2d at 893.  Additionally, the Sixth Circuit held that the failure to identify the claimant's children on the administrative claim form bars a claim for loss of parental consortium.  *Id*.  At least one court in the Eastern District of Kentucky has followed *Rucker* in a case factually similar to this one.  *Parsons v. United States*, Civ. No. 5:03-89-JMH, 2004 U.S. Dist. LEXIS 30584 (E.D. Ky Nov. 4, 2004).  In *Parsons*, the Standard Form 95 in question failed to address loss of consortium

---

[1] Standard Form 95 Section 10 is titled "Personal Injury/Wrongful Death" and asks claimants to "state the nature and extent of each injury or cause of death, which forms the basis of the claim." Sections 12a-d provided claimants space to enter the amount of claims (in dollars) for property damage, personal injury, wrongful death, and the total amount claimed.  (DE 11-2).

8

claims and failed to identify any of the claimant's children. *Id*. at *6-7. Like the Plaintiff in the present case, the plaintiffs in *Parsons* argued that the Standard Form 95 did not provide specifically for these claims and that simply listing the spouse's name provided sufficient notice of a spousal consortium claim. Citing *Rucker*, the district court rejected those arguments and found the plaintiffs in *Parsons* had failed to comply with the requirements of the FTCA because there was insufficient notice. *Id*. Other courts have held similarly. *See DuPont v. U.S. Dep't of Labor,* 980 F. Supp. 192, 195-96 (S.D. W.Va. 1997) (holding that where state law provides that loss of consortium is a separate and independent action, "it must be expressly raised in an administrative claim to satisfy the FTCA's jurisdictional requirements"); *see also Estate of Miller v. United States,* 157 F. Supp. 2d 1071, 1075 (S.D. Iowa 2001) (holding that children of the decedent did not satisfy the mandatory requirement of filing an administrative claim by filing a claim on behalf of the estate that merely mentioned loss of parental consortium, but did not list it as a claim). Accordingly, this Court rejects the Plaintiff's first argument and finds that her initial claim was deficient in failing to raise the consortium claims.

The Plaintiff argues alternatively that her consortium claim survives because her amended claim form relates back to her original filing. While the Sixth Circuit has not specifically addressed the issue, a district court in the Eastern District of Kentucky has followed the Eighth and Tenth Circuits' reasoning in holding that an amended claim does not relate back to the original claim. *Withrow v. United States*, Civ. No. 5:05-152-JMH, 2005 WL 2403730 (E.D. Ky. Sept. 28, 2005). In *Manko v. United States*, the Eighth Circuit held that relation back is not permitted for amendments of administrative claims because the FTCA's purpose is the prompt presentation of claims against the government. 830 F.2d 831 (8th Cir. 1987). Similarly, in *Lee v. United States*, the Tenth Circuit held that allowing administrative amendments filed

9

after the FTCA's statute of limitations in an attempt to add new claims and new parties "would … violate congressional intent to create a system for administrative agencies dealing with specific claims."  980 F.2d 1337, 1341 (10th Cir. 1992).  Consistent with *Manko* and *Lee*, the district court in *Withrow* noted that "to allow relation back "would be contrary to the purposes of the FTCA, which are to encourage prompt resolution and settlement of specific claims."  This Court finds the reasoning in *Withrow* to be persuasive.  Accordingly, Plaintiff's consortium claims will be dismissed.

### C.  Claims Against Mountain Comprehensive and Dr. Alam

 "The FCTA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee."  *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990).   The Plaintiff asserts that both Mountain Comprehensive and Dr. Alam were employees of the United States and that both were acting within the scope of that employment when providing medical care to Jerry Amburgey.  An FTCA action against the United States is the exclusive remedy for torts committed by federal employees in the scope of their employment. *United States v. Smith*, 499 U.S. 160, 163 (1991).   FTCA claims against federal agencies or employees, therefore, "must be dismissed for want of jurisdiction."  *Galvin v. O.S.H.A.*, 860 F.2d 181, 183 (5th Cir. 1983).  Accordingly, the Court will dismiss the claims against Mountain Comprehensive and Dr. Alam.

### D.  Breach of  Contract Claim

The Plaintiff also concedes this claim is improper.  The FTCA only applies to tort claims; its jurisdiction does not include contract claims.  Instead, the Tucker Act, 28 U.S.C. § 1491(a)(1), governs contract claims against the United States.  If the claim is against the United States for breach of contract, the Court of Federal Claims "would have exclusive jurisdiction over the

matter." *Wagner v. United States and Dep't. of Hous. and Urban Dev.*, 835 F. Supp. 953, 958 (E.D. Ky. 1993) (citing *Matthews v. United States*, 810 F. 2d 109, 111 (6th Cir. 1987)). Therefore, the Court will dismiss the Plaintiff's contract claim.

### III. CONCLUSION

Accordingly, for the above stated reasons,

IT IS HEREBY ORDERED:

(1) Defendant's Motion to Dismiss (DE 11) is GRANTED;

(2) Plaintiff's Complaint is DISMISSED as to all parties and claims; and,

(3) this case is STRICKEN from the Court's active docket.

Entered this 29th day of September, 2012

Signed By:
*Karen K. Caldwell*
United States District Judge