UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

DELMA AMBURGEY, *Individually, as Administratrix of Jerry Michael Amburgey's estate and as Next Friend of J.A., a minor*

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendants.

Civil Action No. 7:11-CV-132-KKC

**OPINION AND ORDER**

This matter is before the Court on the government's motion to limit evidence of consortium damages and to limit the testimony of the plaintiff's expert witness (DE 58) and on the plaintiff's oral motion for an advisory jury.

**I. Background**

The plaintiff Delma Amburgey's husband, Jerry Amburgey, died after having a severe reaction to the contrast dye administered to him during a CT scan at Whitesburg Medical Clinic.

Delma filed a complaint naming three defendants: Dr. Mahmood Alam, Mountain Comprehensive Health Corporation (which operates Whitesburg Medical Clinic), and the United States. She asserted six claims: personal injury, wrongful death, loss of spousal and parental consortium, breach of fiduciary duty, and breach of contract. Because Mountain Comprehensive Health is an agency of the United States, Delma asserted her claims under the Federal Tort Claim Act, 28 U.S.C.§ § 1346(b), 2671, et seq.

The United States moved to dismiss all of the claims. In response, Delma conceded her claims against Mountain Comprehensive and Dr. Alam were improper. She further

conceded that her breach-of-fiduciary duty and breach-of-contract claims against the United States were improper. The government argued that the remaining tort claims were untimely because Delma failed to present them to the appropriate federal agency within two years of the claim's accrual. The government argued that the claim accrued on the date of Jerry's death, not the date of the autopsy. This Court agreed with that assessment and determined it lacked jurisdiction over the tort claims.

The Court further found that, even if Delma's administrative claim were timely, her loss of consortium claims failed because she did not first assert those claims at the administrative level. Delma submitted her claims to the agency via Standard Form 95 and listed claims only for personal injury and wrongful death, not loss of consortium. Accordingly, the Court dismissed the consortium claims on this basis as well.

Delma appealed to the United States Court of Appeals for the Sixth Circuit. In its decision, the Sixth Circuit stated, "[t]he *sole issue* on appeal is whether Delma timely filed an administrative claim with the U.S. Department of Health and Human Services (HHS), *the answer to which determines the viability of her wrongful-death suit* against the United States." *Amburgey v. United States*, 733 F.3d 633, 634-35 (6th Cir. 2013) (emphasis added). The opinion discusses only the wrongful-death claim and whether it was timely filed with the federal agency. It does not discuss the consortium claims or this Court's alternative basis for dismissing them. The Sixth Circuit reversed this Court's decision and held that the wrongful-death claim did not accrue until Delma received the autopsy report and, thus, was timely. *Id.* at 641.

This matter is set for a bench trial commencing March 7, 2016.

## II. Motions

### A. United States' motion to exclude evidence of loss-of-consortium damages and to limit the testimony of Dr. Thomas Parker

#### 1) Consortium damages

The United States argues that all evidence of loss-of-consortium damages should be excluded because those claims have been dismissed. The Court agrees. As discussed, those claims were dismissed with this Court's opinion on the motion to dismiss (DE 17). The Court determined that, even if Delma's administrative claim was timely, it did not include consortium claims.

In its review of that opinion, the Sixth Circuit expressly stated that the "[t]he *sole issue* on appeal is whether Delma timely filed an administrative claim with the U.S. Department of Health and Human Services (HHS), *the answer to which determines the viability of her wrongful-death suit* against the United States." *Amburgey*, 733 F.3d at 634-35 (emphasis added). In her brief on appeal, Delma raised only one issue: whether this Court erred in holding that her "cause of action accrued on the date of Mr. Amburgey's death rather than on the date of the autopsy report." (DE 58-2, Appellant's Brief at 2.) That is the only issue she addressed in her brief. She does not mention the consortium claims or this Court's finding that she failed to present those claims at the administrative level.

> To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect. When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows, that the judgment is due to be affirmed.

*Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

Under Kentucky law, "a claim for loss of consortium in which a *survivor* seeks damages for the loss of the decedent's companionship services, etc. is a separate and

independent cause of action from a wrongful death claim in which the *decedent's estate* seeks damages for the loss of the decedent's power to labor and earn money." *Daley v. Reed*, 87 S.W.3d 247, 249 (Ky. 2002).

Delma did not appeal this Court's determination that she failed to assert consortium claims at the administrative level. The Sixth Circuit's opinion addressed only her wrongful-death claim and this Court's determination that the claim was untimely. Accordingly, the wrongful-death claim is the only claim that remains to be tried.

**2) Dr. Parker's testimony**

As to the government's motion to limit the testimony of Dr. Thomas Parker, the plaintiff's expert witness, the government argues that the Court should exclude two particular opinions. First, the government seeks to exclude Dr. Parker's opinion expressed in his report that, "It was below the standard of care that the Mountain Comprehensive Health staff did not show the faxed medical records from Pikeville Medical Center to Dr. Alam on 1/20/09." The government argues that this is outside of Dr. Parker's expertise because he is not qualified as an expert on hospital staff procedures or document management.

Second, the government seeks to exclude Dr. Parker's opinion expressed at his deposition that "I don't think the abdominal CT scan that was done on January 21st was even indicated at all because he had had a previous abdominal CT scan in August of 2008." The government argues that this opinion should be excluded because Dr. Parker did not express it in any report prior to his deposition.

The Court DEFERS ruling on the government's motion until trial when the context of Dr. Parker's testimony, including the two offered opinions, will be clear. The government may reassert these objections to Dr. Parker's testimony at trial.

**B. Plaintiff's motion for Advisory Jury**

At the pretrial conference, Delma requested that the Court empanel an advisory jury for the trial of this matter. Federal law specifically provides that that any claim against the United States under the Federal Tort Claims Act "shall be tried by the court without a jury." 28 U.S.C. § 2402.

The Court sees no reason to empanel an advisory jury here. In a written memorandum in support of her request, Delma asserts that an advisory jury would help the Court determine the appropriate standard of medical care in the area. The Court, however, will make that determination based on the appropriate expert testimony. Accordingly, Delta's motion for an advisory jury is DENIED.

For all these reasons, the Court hereby ORDERS as follows:

1) the United States' motion to limit evidence of consortium damages (DE 58) is GRANTED and any such evidence is EXCLUDED;
2) the United States' motion to limit the testimony of the plaintiff's expert witness (DE 58) is DEFERRED until trial; and
3) the plaintiff's oral motion for an advisory jury is DENIED.

Dated February 29, 2016.




Karen K. Caldwell

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY