UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

DELMA AMBURGEY, *Individually, as Administratrix of Jerry Michael Amburgey's estate and as Next Friend of J.A., a minor*

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendants.

Civil Action No. 7:11-CV-132-KKC

**OPINION AND ORDER**

    This matter is before the Court on the parties' objections to opposing party's exhibit list. (DE 59, 61).

    **I.**    **Background**

    The plaintiff Delma Amburgey's husband, Jerry Amburgey, died after having a severe reaction to the contrast dye administered to him during a CT scan at Whitesburg Medical Clinic.

    Delma filed a complaint naming three defendants: Dr. Mahmood Alam, Mountain Comprehensive Health Corporation (which operates Whitesburg Medical Clinic), and the United States. She asserted six claims: personal injury, wrongful death, loss of spousal and parental consortium, breach of fiduciary duty, and breach of contract. Because Mountain Comprehensive Health is an agency of the United States, Delma asserted her claims under the Federal Tort Claim Act, 28 U.S.C.§ § 1346(b), 2671, et seq.

    The United States moved to dismiss all of the claims. In response, Delma conceded her claims against Mountain Comprehensive and Dr. Alam were improper. She further conceded that her breach-of-fiduciary duty and breach-of-contract claims against the United

States were improper. The government argued that the remaining tort claims were untimely because Delma failed to present them to the appropriate federal agency within two years of the claim's accrual. The government argued that the claim accrued on the date of Jerry's death, not the date of the autopsy. This Court agreed with that assessment and determined it lacked jurisdiction over the tort claims.

The Court further found that, even if Delma's administrative claim were timely, her loss of consortium claims failed because she did not first assert those claims at the administrative level. Delma submitted her claims to the agency via Standard Form 95 and listed claims only for personal injury and wrongful death, not loss of consortium. Accordingly, the Court dismissed the consortium claims on this basis as well.

Delma appealed to the United States Court of Appeals for the Sixth Circuit. In its decision, the Sixth Circuit stated, "[t]he *sole issue* on appeal is whether Delma timely filed an administrative claim with the U.S. Department of Health and Human Services (HHS), *the answer to which determines the viability of her wrongful-death suit* against the United States." *Amburgey v. United States*, 733 F.3d 633, 634-35 (6th Cir. 2013) (emphasis added). The opinion discusses only the wrongful-death claim and whether it was timely filed with the federal agency. It does not discuss the consortium claims or this Court's alternative basis for dismissing them. The Sixth Circuit reversed this Court's decision and held that the wrongful-death claim did not accrue until Delma received the autopsy report and, thus, was timely. *Id.* at 641.

This matter is set for a bench trial commencing March 7, 2016. The parties have filed objections to the opposing party's exhibit lists.

    **II.    Analysis**

Delma objects to Defendant's Exhibit 8, "Review of Biologic Matrices (Urine, Blod, Hair) as Indicators of Recent or Ongoing Cannabis Use." This objection is SUSTAINED, the

Court having determined by separate opinion that Jerry's marijuana use is irrelevant to this wrongful-death action.

The United States objects to items 3, 7, 16, 17, 18, and 19 on the plaintiff's Exhibit List. The plaintiff has not responded to the objections.

Item 3 is the expert report of the plaintiff's expert witness and Item 7 is the expert report of the government's expert witness. The government argues that neither report should be introduced on direct but instead can only be introduced for impeachment purposes. This objection is SUSTAINED. The reports constitute hearsay under Fed. R. Evid. 801(c). They may not be introduced on direct but may be used for impeachment purposes.

Items 16, 17, 18, and 19 are affidavits of lay witnesses. This objection is also SUSTAINED. The affidavits also are hearsay and, thus, may not be introduced on direct but only for impeachment purposes. Item No. 17 is the affidavit of a witness, Gary Amburgey, who is not identified as a trial witness. Accordingly, Gary Amburgey's affidavit should not be introduced into evidence for any purpose.

Dated March 2, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY